IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77912-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| STACY EMANUAL GOODWIN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 29, 2019 |

SMITH, J. — Stacy Emanual Goodwin appeals his conviction for possession of a stolen vehicle. He argues that the prosecutor committed reversible misconduct by misstating the law during closing argument. He also argues that the trial court erred in calculating his offender score because the court (1) counted three prior convictions separately without conducting a "same criminal conduct" analysis and (2) counted offenses that had "washed out." We hold that Goodwin has not established that the prosecutor's misstatements of law were prejudicial, and that Goodwin waived the right to a "same criminal conduct" analysis by affirmatively acknowledging the sentencing range below. We decline to reach the merits of Goodwin's "wash out" argument because it involves matters outside the record. Therefore, we affirm.

FACTS

The State charged Goodwin with possession of a stolen vehicle after an officer observed Goodwin driving a Honda that had been reported stolen. The sole contested issue at trial was whether Goodwin knew the Honda was stolen.

To this end, the prosecutor made the following remarks during closing argument regarding the standard for determining Goodwin's knowledge:

> It is not reasonable to expect that a person who knows he is in a stolen car will walk up to the officer and be like, "Hey, I'm committing this crime. I'm in a stolen car, just so you know," but there is -- and that would be direct evidence; right, of somebody saying, "Yeah, I'm in a stolen car." It may happen, but it's not necessarily reasonable to expect for that to happen.
>
> It is reasonable, though, to look at circumstantial evidence about what a person in this position knew *or should have known*, and that is when we come to instruction No. 10.
>
> The judge read it to you. I ask you to refer to that, please. Whatever I say that is in contradiction to that, ignore me and refer to it.
>
> To paraphrase, one knows of a circumstance or result when one is aware of that. That's one way. So that's sort of the big paragraph. The second paragraph is if a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted, not required -- you are not required to do this, but you are permitted to find that he or she acted with knowledge of that fact.
>
> So if a person in a reasonable position *should have known* that, hey, I think this is a stolen car, I don't think this car belongs to whoever gave it to me; here's the reasons why, if a person in that position, if a reasonable person in that position would have known, *should have known*, then you are permitted to find that the knowledge element has been met.

(Emphasis added.) Defense counsel did not object to the prosecutor's argument.

A jury convicted Goodwin as charged, and the trial court sentenced Goodwin to 43 months of confinement based on an offender score of 9. Goodwin appeals.

## ANALYSIS

### Prosecutorial Misconduct

Goodwin argues that the prosecutor committed reversible misconduct by misstating the law during closing argument. Because Goodwin has not established that the misstatements of law were prejudicial, we disagree.

2

"To prevail on a claim of prosecutorial misconduct, the defendant must establish 'that the prosecutor's conduct was both improper and prejudicial in the context of the entire record and the circumstances at trial.'" State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011) (internal quotation marks omitted) (quoting State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)). "A prosecuting attorney commits misconduct by misstating the law." State v. Allen, 182 Wn.2d 364, 373, 341 P.3d 268 (2015). But "[i]f the defendant did not object, he is deemed to have waived any error, unless the prosecutor's misconduct was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." State v. Whitaker, 6 Wn. App. 2d 1, 15-16, 429 P.3d 512 (2018). "Under this heightened standard, the defendant must show that (1) 'no curative instruction would have obviated any prejudicial effect on the jury' and (2) the misconduct resulted in prejudice that 'had a substantial likelihood of affecting the jury verdict.'" State v. Emery, 174 Wn.2d 741, 761, 278 P.3d 653 (2012) (quoting Thorgerson, 172 Wn.2d at 455).

Here, the prosecutor's references to what a person in Goodwin's position "should have known" were improper because they suggested the jury could subject Goodwin to culpability under a constructive knowledge standard. See Allen, 182 Wn.2d at 374 (explaining that Washington's culpability statute requires a finding of actual knowledge and that an interpretation that subjects a defendant to liability under a theory of constructive knowledge is unconstitutional).

But in the context of the prosecutor's entire argument, the references to "should have known," though improper, were not prejudicial. First, during the

same part of her argument, the prosecutor admonished the jury to refer to the actual instruction and that "[w]hatever I say that is in contradiction to that, ignore me and refer to [the instruction]." Second, the prosecutor correctly stated the law during the portion of her argument in which she indicated she was paraphrasing the instruction. Specifically, she correctly explained that "if a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted, not required . . . to find that he or she acted with knowledge of that fact." Third, the bulk of the prosecutor's closing argument was focused on attacking Goodwin's credibility and highlighting evidence suggesting that Goodwin *actually* knew the car was stolen—not on arguing that he *should* have known the car was stolen. For example, the prosecutor reminded the jury that Goodwin himself testified that someone had told him that the car was stolen. The prosecutor also emphasized the circumstantial evidence of Goodwin's actual knowledge, including that after he drove past a police officer, Goodwin proceeded in a big loop, parked and exited the car, and ran toward a bus stop, leaving the car running. Finally, the prosecutor's improper statements could readily have been cured by an instruction to the jury reminding it that a finding of actual knowledge is required for culpability. But no such instruction was requested. For these reasons, Goodwin has not met his burden to demonstrate that the prosecutor's improper statements were prejudicial. Cf. State v. Blizzard, 195 Wn. App. 717, 733, 381 P.3d 1241 (2016) ("A defendant who waits until appeal to raise misconduct arguments bears a heavy burden."), review denied, 187 Wn.2d 1012 (2017).

Goodwin argues that the prosecutor's improper statements were flagrant and ill intentioned and that "[a] curative instruction would not have neutralized the prejudicial, misleading effect of repeated misstatements of the law." He relies in large part on Allen to support his arguments. But Allen is distinguishable. There, the court recounted "numerous instances" where the prosecutor misstated the knowledge standard, including: (1) at least five times during closing, (2) in a slide show that repeatedly included a "should have known" standard, and (3) during rebuttal, where "the prosecuting attorney continued to misstate the knowledge standard" and displayed "a slide show that contained four slides titled 'Defendant Should Have Known.'" Allen, 182 Wn.2d at 376-77. Additionally, in Allen, the record revealed that the jury was influenced by the prosecutor's improper statements of the law—a factor that our Supreme Court indicated was "perhaps most important to [its] analysis." Allen, 182 Wn.2d at 378.

Here, Goodwin does not point to anything in the record revealing that the jury was influenced by the prosecutor's improper statements of the law, nor were those statements repeated throughout the prosecutor's closing and rebuttal or displayed visually as they were in Allen. Moreover, in Allen, the defendant objected to the prosecutor's improper statements. Therefore, on appeal, the Allen court asked only "whether there was a substantial likelihood that the misconduct affected the jury verdict." Allen, 182 Wn.2d at 375. But here, because Goodwin did not object, we apply a heightened standard, which, as discussed, Goodwin has not satisfied. Allen does not require reversal.

5

*Offender Score Calculation*

In a statement of additional grounds for review, Goodwin raises two issues regarding the calculation of his offender score. Neither merits review.

First, Goodwin argues that the trial court erred in calculating his offender score by counting three prior convictions separately without conducting a "same criminal conduct" analysis. But the trial court is not required, without invitation, to conduct a "same criminal conduct" analysis where the defendant affirmatively acknowledges his offender score. State v. Nitsch, 100 Wn. App. 512, 521-22, 997 P.2d 1000 (2000). Here, Goodwin asked at sentencing "for a 50-month sentence, *the middle of the range sentence.*" (Emphasis added.) In other words, Goodwin affirmatively acknowledged through counsel that a sentencing range of 43 to 57 months—and therefore the offender score on which this range was based—was correct. Therefore, he has waived the right to argue otherwise on appeal. Cf. Nitsch, 100 Wn. App. at 522 (holding that defendant waived "same criminal conduct" argument where he implicitly acknowledged his offender score by affirmatively alleging a standard range calculated based on that score).

Goodwin next argues that the trial court improperly included, in his offender score, prior convictions that had "washed out." Under RCW 9.94A.525(2)(b)-(c) certain prior felony convictions "wash out" and are not counted in the offender score "if *since the last date of release from confinement . . . pursuant to a felony conviction*" the offender has spent a requisite number of years in the community "without committing any crime that subsequently results in a conviction." (Emphasis added.) But this record contains no information regarding Goodwin's

last date of release from confinement for a felony conviction.[1] Therefore, we decline to reach Goodwin's argument on its merits. See State v. McFarland, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995) (reviewing court will not consider matters outside trial record on direct appeal; personal restraint petition is proper vehicle for bringing those matters before the court).

We affirm.

WE CONCUR:

---

[1] Indeed, the only information in the record regarding "wash out" is defense counsel's suggestion at sentencing that Goodwin's prior convictions *would have washed out* if not for subsequent convictions in 2009, 2010, and 2011.